

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

v.

D-1 Savinder Singh,

    Defendant.

_____/

Case No. 21-cr-20686

Hon. Judith E. Levy

# Plea Agreement

The United States of America and the defendant, Savinder Singh, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1. Count of Conviction

The defendant will plead guilty to Count 1 of the Indictment. Count 1 charges the defendant with Possession with Intent to Distribute a Controlled Substance under Title 21 U.S.C. Section 841(a)(1) and (b)(1)(A).

## 2. Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading guilty carry the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | 10 year minimum<br><br>Life maximum |
| --- | --- | --- |
| | Fine: | 10,000,000.00 Dollars |
| | Term of supervised release: | At Least 5 years |

### 3. Elements of Count of Conviction

The elements of Count 1 are:

(1) The Defendant knowingly possessed a controlled substance, specifically, 5 kilograms or more of Cocaine;

(2) The Defendant intended to distribute the controlled substance.

### 4. Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

On November 2, 2021, Customs and Border Protection Officers encountered Savinder Singh at the outbound inspection area of the Ambassador Bridge, which is in the Eastern District of Michigan. Singh was the driver and sole occupant of a commercial semi-truck.

Officers attempted to stop Singh, but he continued to drive until a marked unit was forced to intercept his path.

Officers inspected the trailer attached to his semi-truck. After opening the trailer doors, officers located five brown boxes on the floor of the trailer. A search of the boxes revealed approximately 142 vacuum sealed bags containing a white substance. The total weight of the bags of white substance was approximately 142 kilograms. The sealed packages were sent to a laboratory, and the white substance was confirmed to be cocaine, a schedule II controlled substance. 142 kilograms of cocaine is a quantity consistent with distribution.

Singh now admits and affirms that on November 2, 2021, he knowingly and intentionally possessed a controlled substance, and intended to distribute it by delivering it. Singh admits that the substance was in fact cocaine, and the quantity of cocaine seized was approximately 142 kilograms.

5. **Advice of Rights**

The defendant has read the Indictment, has discussed the charges and possible defenses with his attorney, and understands the crime

charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A. The right to plead not guilty and to persist in that plea;

B. The right to a speedy and public trial by jury;

C. The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E. The right to confront and cross-examine adverse witnesses at trial;

F. The right to testify or not to testify at trial, whichever the defendant chooses;

G. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I. The right to compel the attendance of witnesses at trial.

Page 4 of 18

### 6. Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

### 7. Safety Valve

The defendant understands that he will only qualify for the safety valve in 18 U.S.C. § 3553(f) if the Court finds at sentencing that he has

satisfied *all* of the requirements in § 3553(f). If the Court finds that the defendant has satisfied all of those requirements, the Court may—but is not required to—sentence the defendant below the mandatory minimum penalties that would otherwise apply.

## 8. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding

information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties have no other recommendations as to the defendant's guideline calculation.

### D. Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B,

8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9. Imposition of Sentence

### A. Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment on Count 1 not exceed the bottom of the defendant's guideline range as determined by the Court.

### 2. No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a five-year term of supervised release.

### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

There is no recommendation or agreement as to a fine.

### E. Restitution

Restitution is not applicable to this case.

### F. Forfeiture

Pursuant to 21 U.S.C. § 853, defendant agrees to forfeit to the United States, without contest, any and all right, title and interest he may possess in any property, which constitutes property used, or intended to be used to commit, or to facilitate, the commission of Count One of the Indictment. Specifically, defendant agrees to forfeit the

following property under 21 U.S.C. § 853 as property which facilitated his violation of Count One:

    (a) 2018 Volvo VLN 760 VIN: 4V4NC9EH3KN202695

    (b) Great Dane Trailer VIN: 1GR1P0627MD224024

    (c) Samsung Galaxy Note 20 IMEI: 352682504908152 and 359646204908153

    (d) Apple iPhone IMEI: 356612081996953

    (e) Samsung SM-G955W IMEI: 356426080360222

    (f) Samsung Tablet IMEI: 359768086885612

    (g) Garmin Dezi GPS device Serial Number: 145-01615-12

    (h) Rand McNally GPS device Serial Number: 22D5D

    (i) 3 Trailer seals

Defendant acknowledges that he has agreed to forfeiture as part of his sentence and therefore, has no further interest in, or claim to, any of the identified property. Defendant agrees not to contest forfeiture of the identified property in any proceeding, whether administrative or judicial, and to withdraw any claims or petitions previously filed for return of this property. Following entry of this Rule 11 Agreement, defendant agrees to stipulate or consent to the prompt entry of one or

more orders of forfeiture of his interest in such property at, or any time before, his sentencing in this case.

Defendant also consents and agrees to forfeit and abandon to federal, state and/or local law enforcement all of his right, title and interest in the following property: 1 2018 Volvo VLN 760 VIN: 4V4NC9EH3KN202695 (the "Freightliner"). The defendant waives, abandons, and surrenders all of his right, title, and interest in the Freightliner; will not challenge in any way his waiver, abandonment and surrender of the Freightliner, and agrees to the lawful disposition of the Freightliner, including the return of the Freightliner to its rightful owner and/or destruction of the Freightliner by federal, state and/or local law enforcement.

### G. Special Assessment

The defendant understands that he will be required to pay a special assessment of $100 Dollars, due immediately upon sentencing.

## 10. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court,

the defendant also waives any right he may have to appeal his sentence on any grounds.

11. **Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

12. **Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were

dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

13. **Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

14. **Prisoner Transfer Treaty**

If the Defendant is eligible and applies to transfer his sentence pursuant to the international prisoner transfer program, the Government agrees to not oppose the Defendant's transfer application,

provided that the Defendant does not otherwise breach the plea agreement. Defendant acknowledges and understands, however, that the transfer decision rests in the sole discretion of the Office of International Affairs ("OIA") of the Criminal Division of the United States Department of Justice and that the position of the Government is neither binding nor determinative of the positions of other federal agencies or on the final transfer decision of OIA. Defendant further understands that in addition to OIA, federal law and the underlying transfer treaties require that the foreign government must also approve the transfer. The defendant understands that if the defendant is denied acceptance into the transfer program for any reason notwithstanding the position of the government, he will not be able to withdraw his plea of guilty.

15. **Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

16. **Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations,

understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

17. **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 p.m. on July 6, 2022. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

/s/ Benjamin Coats
Benjamin Coats
Chief, Drug Task Force
Assistant United States Attorney

/s/ Robert Jerome White
Robert Jerome White
Assistant United States Attorney

Dated: 6/12/22

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____  Dated: 8/13/22
Layne Sakwa
Attorney for Defendant

_____  _____
Brian Legghio                     Savinder Singh
Attorney for Defendant            Defendant